# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS KINER, | Case No. 17cv0923 BEN (BGS) |
| --- | --- |
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| UNKNOWN, | |
| Defendant. | |

Petitioner, proceeding pro se, has submitted a document wherein he states that he is "in the process of filing a federal writ of habeas corpus," pursuant to in 28 U.S.C. § 2254. He states, however, that he has been delayed in preparing his petition after being taken into custody on unrelated charges. (*See* Pet. at 1.)

## FAILURE TO FILE PETITION

Petitioner has not filed a Petition for writ of habeas corpus in this action. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. U.S. District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) ("Unlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas

///

1

proceedings by filing a request for appointment of counsel."); *McFarland v. Scott*, 512 U.S. 849 (1994).

Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death. As such, if Petitioner wishes to proceed with a habeas action in this Court he must (as is the case with all non-capital prisoners) file a petition for writ of habeas corpus, which will be given a separate civil case number.

The Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). If the federal petition is filed after the statute of limitations has run, the petition will be summarily dismissed.

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and

2

17cv0923 BEN (BGS)

rules governing filings."). However, the filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

**CONCLUSION AND ORDER**

This action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action. For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank In Forma Pauperis Application and a blank form Petition pursuant to 28 U.S.C. § 2254.

The Clerk shall close the file.

Dated: May 22, 2017

Hon. Roger T. Benitez
United States District Judge